UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> SULLIVAN GRANITE CO, LLC and CONRAD SMITH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) 1:15-cv-00455-JAW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING SULLIVAN GRANITE CO., LLC's MOTION TO RECONSIDER DENIAL OF MOTION TO RECUSE**

Because the Defendants failed to present a proper basis for my recusal, I decline to reconsider my earlier order denying their motion to recuse.

**I.   BACKGROUND**

This case involves a long-standing dispute between the Secretary of Labor and Sullivan Granite Co.  I first dealt with the controversy in 2010, when the Secretary of Labor moved for a temporary restraining order (TRO) against Sullivan Granite, alleging several violations of the Federal Mine Safety Act, including refusing to allow federal officials access to the quarry.  *U.S. Sec'y of Labor v. Sullivan Granite, Co.*, 1:10-cv-00456-JAW;[1] *Compl.* (ECF No. 1).  On November 19, 2010, I issued a written decision, resolving some legal issues and granting the Secretary's motion for TRO.

---

[1]   This order at times requires citation to documents from the earlier case.  Where the Court cites a document from the earlier case and it is not entirely clear from context that it has done so, the Court has added a footnote to clarify the citation.

*Order on Mot. for TRO* (ECF No. 17) (*2010 TRO Order*). Later, as a result of discussions between the parties, an agreement was reached; on October 17, 2011, I issued an agreed-upon order and dismissed the case. *Order on Prelim. Inj.* (ECF No. 29); *Id.* Attach. 1 *Parties' Agreement on Proposed Order* (ECF No. 29); *Order on Mots. to Dismiss* (ECF No. 40) (*2011 Order on Mots. to Dismiss*); *J.* (ECF No. 41).

Unfortunately, the dispute reawakened this year. On November 10, 2015, the Secretary of Labor filed a second lawsuit against Sullivan Granite Co., LLC and Conrad J. Smith. *Perez v. Sullivan Granite Co.*, 1:15-cv-00455-JAW; *Compl.* (ECF No. 1). On the same day, the Secretary moved for a TRO. *Mot. for TRO, Prelim. Inj. and Permanent Inj.* (ECF No. 4). The summons was served on Mr. Smith and Sullivan Granite on November 17, 2015. *Summons in a Civil Action* (ECF No. 6); *Id.* Attach. 1 *Summons in a Civil Action* (ECF No. 6). On the same day, the Defendants were served with a Notice of Hearing, informing them that the Secretary intended to bring the motion for TRO to a hearing at the United States District Court in Bangor, Maine on November 18, 2015 at 1:00 p.m. *Notice of Hr'g* (ECF No. 8). The Secretary appeared at the scheduled hearing, but the Defendants did not, and I granted the TRO. *Order on Mot. for TRO* (ECF No. 10).

On December 21, 2015, Conrad Smith wrote me the following:

> I Conrad J. Smith being of sound mind and fair constitution do hereby request that you, John A. Woodcock Jr. recuse yourself from Civil Action No. 1:15-cv-00455-JAW for the following reasons:
>
> 1. You have been known to reside in close proximity to the "Quarry" in Sullivan Maine (lately being reffered [sic] to as a "mine") known as Browns Meadow Quarry or Stimpsons by others.

> 2. You have repeatedly refused to entertain any motion before you for a reasonable thorough Jurisdictional hearing.
>
> 3. You have injured and harmed any chance of having a fair trial with due process by dismissing and defiling my companys [sic] one agent, Stephen Smith, once by not honoring his authority as the agent for the Company and also by referring to him as irascible on the record.
>
> 4. By communicating by computer on your throne with solicitors in Boston and who knows who or where, in court while I did not have privy to what was taking place.
>
> 5. And finaly [sic], you refuse to order the Dept. of Labor to cease and desist calling Sullivan Granite Co. an L.L.C., therefore allowing a falsehood to prevail and continue.
>
> Thank you for your cooperation.
>
> If I do not hear from you within 10 working days, I will deem my request to be honored.

*Letter Mot. for Recusal* (ECF No. 14). I denied the motion on December 22, 2015.

*Order Denying Mot. for Recusal* (ECF No. 16).

On January 21, 2016, Conrad Smith filed another letter with the Court; it stated in relevant part:

> And finally, we understand that Judge Woodcock denied our request to recuse himself voluntarily, therefore;
>
> Mr. Woodcock, please state your reasons for your denial to the best of your ability, either in whole or in part.
>
> If you have good cause that is convincing, it may eliminate the necessity for a judicial conduct review.
>
> …
>
> Additionally, how is that some one with poor standing with the Court such as MSHA for failing to show-up at a hearing with no ligitimate [sic] and reasonable excuse is allowed to re-enter another exact same

3

complaint asking for the exact same relief after being thrown out of court before?

Is there no protection for the abuse of the victim and what about waste of Government money and time?

*Letter Mot. for Recons. re Order # 16* (ECF No. 20). The Court has treated this January 21, 2016 letter as a motion for reconsideration of the order denying the motion to recuse.

## II.   DISCUSSION

The reason I denied the motion to recuse is that it did not state a proper basis to recuse myself from the case. Judges have a duty to decide the cases that come before them and not to shirk that duty by dodging difficult or unpleasant cases. The First Circuit Court of Appeals has written that "[t]here is as much obligation for a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Brody v. Pres. & Fellows of Harvard Coll.*, 664 F.2d 10, 12 (1st Cir. 1981) (quoting *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961)).

The request for recusal contains a number of factual mistakes and errors of law:

(1) I do not live in close proximity to the quarry in question. The quarry is apparently located somewhere in the town of Franklin, Maine; I do not live in Franklin, Maine.

(2) I have not "repeatedly refused" to hold a jurisdictional hearing. This case was initiated on November 10, 2015, and no one has requested that I hold a "jurisdictional hearing" in the case.

I received argument in the earlier case as to whether a quarry was a mine within the meaning of the Federal Mine and Safety and Health Act of 1977, 30 U.S.C. §§ 801 *et seq.* and whether Stephen Smith's administrative complaint deprived me of jurisdiction. I simply disagreed with Conrad Smith's position and wrote a decision explaining why. *2010 TRO Order* at 1-5.

(3) I reject the allegation that I "dismiss[ed] and defil[ed]" Stephen Smith. Conrad Smith must be referring to my decision in the earlier case not to allow Conrad Smith's father, Stephen Smith, to represent the business in the proceedings. The reason that I did not allow Stephen Smith to represent the business was that he was not a lawyer and had no right to represent anyone but himself in court. Furthermore, Stephen Smith was not a party to the case.

Conrad Smith told me that Sullivan Granite was a sole proprietorship, and as such, I ruled as a matter of law that Stephen Smith could not represent his son in court. *2010 TRO Order* at 1 n.1. Addressing 28 U.S.C. § 1654, the First Circuit has written that "[w]e have interpreted this statute as barring a non-lawyer from representing anyone but himself." *O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. App'x 159, 160 (1st Cir. 2004) (citing *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982)).

5

Stephen Smith did not like my ruling and argued against it. He insisted that he had a right to represent the business as an agent of the company; he interrupted me when I tried to explain why, as a matter of law, he could not represent someone other than himself in court. Furthermore, while I was trying to speak with Conrad Smith, Stephen Smith kept talking to him and distracting him.

At a hearing on December 7, 2010, I told Conrad Smith that I was "not disrespecting his father" but that his father seemed "a little bit irascible at times," which still seems a fair characterization of my dealings with Stephen Smith. *Tr. of Proceedings* 8:24-25 (ECF No. 34).[2] I also told Conrad Smith that he impressed me as "calm and thoughtful and willing to listen to reason." *Id.* 8:22-24. In the order, I wrote that I was "personally sympathetic to Mr. Smith's effort to run a small business in a difficult economy. But like all businesses, his quarry must comply with the law." *2010 TRO Order* at 3.

Conrad Smith's demand that I recuse myself because I described his father as "irascible at times" is not a sufficient basis as a matter of law for me to recuse myself in this case any more so than my previously favorable view of Conrad Smith would be a proper basis for recusal. Stephen Smith is not a party to the current proceeding, and even if he were, my view of Stephen Smith came as a result of information

---

[2]   This citation refers back to the earlier case: *U.S. Sec'y of Labor v. Sullivan Granite, Co.*, 1:10-cv-00456-JAW.

6

presented in the case. *In re Martinez-Catala*, 129 F.3d 213, 219 (1st Cir. 2007) ("A judge is ordinarily entitled to form a view of the parties that is favorable or unfavorable, so long as it derives from information in the case; there may be exceptions but they are 'rare' indeed") (citing *Liteky v. United States*, 510 U.S. 540, 554 (1994)).

(4) I am unclear what Conrad Smith is referring to when he states that I have been communicating by computer on my "throne" with Boston solicitors while he was not privy to what was taking place. I have had two hearings with counsel for the Secretary at which Conrad Smith was not present.

The first took place on November 8, 2010 shortly after the Secretary brought a motion for TRO; the conversation was not a secret. *See Min. Entry* (ECF No. 8).[3] It was transcribed and addressed only the status of the case—whether Sullivan Granite had been served and whether there was a need to schedule a hearing. These types of practical conversations with one side of a motion for a TRO are often necessary at the very outset of the case to determine what a court should do about the demand for immediate relief—discussing such issues as, whether the defendant is represented by an attorney, how emergent the plaintiff's claim for relief is, when a hearing will have to be held, and how long the hearing might be. These preliminary discussions are recorded and transcribed and any

---

[3] This citation refers back to the earlier case: *U.S. Sec'y of Labor v. Sullivan Granite, Co.*, 1:10-cv-00456-JAW.

preliminary matters are subject to revision once the opposing party has entered an appearance.

In the pending case, I held a hearing on the motion for TRO on November 18, 2015, *Min. Entry* (ECF No. 9), but the Secretary assured me that Sullivan Granite had been served with a notice of the hearing and the docket confirmed the same. *See Notice of Hr'g* (ECF No. 9). After ascertaining that no one was going to show up for Sullivan Granite, I went forward with a brief hearing. This is proper; otherwise, a served party could stymie a lawsuit simply by refusing to appear at scheduled hearings.

Other than these two instances, I can recall no separate dealings at all with the Secretary's lawyers. Conrad Smith is simply wrong in accusing me of holding side conversations with and separately emailing the Government lawyers.

(5) Regarding Conrad Smith's complaint that I have refused to order the Department of Labor to cease and desist calling Sullivan Granite Co. an LLC, I did not write the Government's filings. If Conrad Smith wishes to require the Secretary to revise the pleadings to state the correct name of the Defendant, he should file an appropriate motion. He has not done so.

(6) Finally, regarding Conrad Smith's statement that I have allowed the Secretary to proceed despite being a party in "poor standing" with the

Court given the Secretary's failure to show up at a prior hearing, Conrad Smith must be again referring back to the earlier case. Conrad Smith is correct in recalling that the Secretary failed to file a Pretrial Memorandum and to appear at the Final Pretrial Conference, which was scheduled for October 5, 2011. *See Mot. to Dismiss* (ECF No. 37) (moving to dismiss on the ground of the Secretary's failure to appear).[4] In my Order on Motions to Dismiss, I expressed my disappointment with the Secretary of Labor for its failures, but I determined that the Secretary and Mr. Smith both wanted the case dismissed and I dismissed it. *2011 Order on Mots. to Dismiss* at 1-2.

I reject Conrad Smith's point that because the Secretary failed to file a pretrial memorandum and to appear at a pretrial conference in 2011, it should be barred from filing an action now. Some mistakes in litigation are inevitable, and if Government agencies were forever barred from appearing in a new case because of a miscue in an old one, Government agencies would be denied access to the courts. Again, however, if Conrad Smith wishes to file a motion to make this point, he is welcome to do so.

### III.  CONCLUSION

I DENY the Defendants' Motion to Reconsider my denial of the motion to recuse (ECF No. 20).

---

[4]  This citation refers back to the earlier case: *U.S. Sec'y of Labor v. Sullivan Granite, Co.*, 1:10-cv-00456-JAW.

9

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2016